**In the United States District Court**
**for the District of Kansas**
**at Kansas City**

| | |
|---|---|
| Kimberly Dee Sanderford | ) |
| 9915 North Ash Avenue | ) |
| Kansas City, Missouri  64157 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Stephen Malley, M.D. | ) |
| 5820 Lamar Avenue, Suite #200 | ) |
| Mission, Kansas 66202 | ) |
| | ) |
| Defendant. | ) |

<u>**Complaint Pursuant to K.S.A. Chapter 60**</u>

**Count I - Claim Against Defendant Stephen Malley, M.D.**

COMES NOW Plaintiff Kimberly Dee Sanderford, by counsel, and for her cause of action against Defendant Stephen Malley, M.D., alleges and states as follows:

1.      Plaintiff is and at all relevant times has been a citizen and resident of Clay County, Missouri, residing at the address set forth in the caption.

2.      Defendant Stephen Malley, M.D. is, and at all relevant times has been, a citizen and resident of Johnson County, Kansas, amenable to service of process at the address set forth in the caption.

3.      Because Plaintiff is a citizen and resident of the State of Missouri and Defendant is a citizen and resident of a State other than Missouri, complete diversity of citizenship exists.

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This Court has jurisdiction based upon diversity of citizenship.  28 U.S.C. § 1332.

6.     The acts, omissions, facts occurrences, and circumstances which form the basis of this lawsuit occurred in Overland Park, Johnson County, Kansas, within the geographical confines of the United States District Court for the District of Kansas.  Accordingly, venue properly lies with the United States District Court for the District of Kansas.

7.     Defendant Malley is, and at the time of the acts, omissions, facts occurrences, and circumstances complained of herein, has been, a licensed physician specializing in bariatric surgery, representing and holding himself out to the public in general and to Plaintiff in particular, as a licensed physician specializing in bariatric surgery.

8.     On or about January 3, 2013, Plaintiff underwent a laparoscopic gastric banding procedure performed by Defendant Malley at New Hope Surgery Center in Overland Park, Johnson County, Kansas.

9.     At the time of the acts, omissions, facts, occurrences, and circumstances which form the basis of this lawsuit, and at all times relevant to the facts and circumstances which form the basis of this lawsuit, Defendant Malley had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of his profession in the care and treatment of Plaintiff.

10.     Defendant Malley, in his care and treatment of Plaintiff, was careless and negligent, and failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of his profession under the same or similar circumstances, in that, *inter alia*:

(a)     in determining that Plaintiff was a viable candidate to undergo laparoscopic gastric banding;

2

(b)     in advising Plaintiff that she was a viable candidate to undergo laparoscopic gastric banding;

(c)     in determining that Plaintiff's medical condition was such that it would be medically appropriate to perform laparoscopic gastric banding on Plaintiff;

(d)     in advising Plaintiff that Plaintiff's medical condition was such that it would be medically appropriate to perform laparoscopic gastric banding on Plaintiff;

(e)     in causing, allowing and permitting Plaintiff to undergo laparoscopic gastric banding;

(f)     in performing laparoscopic gastric banding on Plaintiff when Defendant either knew, or should have known, that Plaintiff's body mass index was such that laparoscopic gastric banding was not medically indicated and should not have been performed on Plaintiff;

(g)     in performing laparoscopic gastric banding on Plaintiff when Defendant either knew, or should have known, that Plaintiff's body mass index was such that, when coupled with the lack of any major co-morbidity, laparoscopic gastric banding was not medically indicated and should not have been performed on Plaintiff; and

(h)     in further particulars presently unknown to Plaintiff, but which is believed and alleged will be disclosed upon proper discovery procedures in the course of this litigation.

11.     As the direct and proximate result of, and as the reasonably foreseeable consequence of, Defendant Malley's aforesaid carelessness and negligence, Plaintiff suffered and sustained and will continue to suffer and sustain the following injuries and damages:

(a)     severe and debilitating abdominal pain and vomiting;

3

(b)     gastric prolapse;

(c)     the need for a subsequent surgery to repair the gastric prolapse;

(d)     she has been required to seek the care and attention of doctors, hospitals, nurses, physical therapists, and other practitioners of the healing arts, all in a reasonable and necessary attempt to cure and relieve herself from the effects of the aforesaid injuries and has incurred and will in the future incur bills associated therewith; and

(e)     she has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of the aforesaid injuries.

12.     The injuries and damages set forth in the preceding paragraph are permanent and progressive in nature.

13.     Pursuant to the notice provisions of K.S.A. Sec. 40-3409, a copy of this Complaint has been mailed by Certified U.S. Mail to Rita L. Noll, Deputy Director and Chief Attorney for the Board of Governors, Kansas Health Care Stabilization Fund, 300 S.W. 8th Avenue, 2nd Floor, Topeka, Kansas 66603-3912, and the original return receipt will be filed of record.

WHEREFORE, Plaintiff requests judgment against Defendant Malley in the sum of One Million Dollars ($1,000,000.00), together with her costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury.

HANKINS, CONKLIN & HILTON, P.C.


 /s/   *Thomas E. Hankins*

Thomas E. Hankins - #70250

Missouri Bar #26005

6812 North Oak Trafficway, Suite 5

Gladstone, Missouri 64118-2587

Telephone:  (816) 436-3100

FAX:  (816) 436-8643

Email: tomhankinslaw@cs.com

**Attorneys for Plaintiff**

5