IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

KIMBERLY DEE SANDERFORD,

        Plaintiff,

  v.

                                           Case No. 14-2165-RDR-KGS

STEPHEN MALLEY, M.D.,

        Defendant.

**ORDER**

This matter is presently before the court upon the Report and Recommendation issued by Magistrate Judge K. Gary Sebelius on March 16, 2015. The court had referred plaintiff's motion for approval of settlement to Judge Sebelius for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72. In his Report and Recommendation, Judge Sebelius concluded that plaintiff's motion should be granted in part and denied in part. He recommended that plaintiff's request to approve the settlement agreement in this case be denied. He further recommended that plaintiff's request to approve the parties' respective attorney fees be granted. Plaintiff has indicated that she has no objections to the proposed findings and recommendations of Judge Sebelius. The defendant has no objections to the conclusions reached by Judge Sebelius buts objects to the court adopting the order in its entirety because

it contains confidential business information pertaining to defense counsel's billing rates.

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). With regard to fact findings, the court applies a deferential standard which requires the moving party to show that the magistrate judge order is clearly erroneous. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D.Kan. 1997). Under this standard, the court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D.Kan. 1991)(district court generally defers to magistrate judge and overrules only for clear abuse of discretion).

With regard to legal matters, the court conducts an independent review and determines whether the magistrate judge ruling is contrary to law. See Sprint Commc'ns Co. v. Vonage Holdings Corp., 500 F.Supp.2d 1290, 1347 (D.Kan. 2007). Under this standard, the court conducts a plenary review and may set

aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard. See, e.g., McCormick v. City of Lawrence, Kan., No. 02-2135-JWL, 2005 WL 1606595, at *2 (D.Kan. July 8, 2005).

Here, the defendant has failed to provide any legal authority for its objection. After careful review of Judge Sebelius' Report and Recommendation, the court does not find any aspect of that decision is clearly erroneous or contrary to law. Accordingly, the court shall deny defendant's objection.

The court adopts Judge Sebelius' Report and Recommendation in its entirety. Plaintiff's motion for approval of settlement shall be denied in part and granted in part. The court shall deny plaintiff's request that the court approve the settlement agreement. The court shall grant the parties' request to approve their respective attorney fees under K.S.A. 7-121b(a).

**IT IS THEREFORE ORDERED** that the magistrate judge's Report and Recommendation of March 16, 2015 be hereby accepted and adopted. Plaintiff's motion for approval of settlement (Doc. # 30) is hereby denied in part and granted in part. The court shall deny plaintiff's request that the court approve the settlement agreement. The court shall grant the parties' request to approve their respective attorney fees.

**IT IS FURTHER ORDERED** that this case be hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2015, at Topeka, Kansas.

<pre>
                              s/RICHARD D. ROGERS
                              Richard D. Rogers
                              United States District Judge
</pre>